IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

             Criminal action no. 1:03CR32

VIVIAN CHANEY,

   Defendant.

## ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE

### I. INTRODUCTION

On January 26, 2005, the Court received a motion to compel from Vivian Chaney ["Chaney"] seeking an order compelling the Government to make a Rule 35 motion to reduce her sentence.[1] Chaney asserts that she fully cooperated with and assisted the Government and that her cooperation and assistance resulted in the capture and conviction of other federal offenders. She contends that the Government failed to uphold its end of the bargain by failing to file a Rule 35 motion in her case.

On January 31, 2005, the Court ordered that Chaney's motion to compel be filed in the above-referenced case and referred her motion to United States Magistrate Judge John S. Kaull for initial

---

[1] On October 25, 2005, Chaney filed a letter with the Court in which she makes the same request as in her earlier motion to compel and asks the Court to compel the Government to file a Rule 35 motion.

## ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE

review and a report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation. (Standing Order No. 5).

The magistrate judge characterized Chaney's motion to compel as a motion brought pursuant to 28 U.S.C. §2255 because the defendant was attacking her sentence. However, prior to converting her motion, the magistrate judge notified Chaney of the recharacterization and provided her with the opportunity to proceed on her motion under 28 U.S.C. §2255 or to proceed on her motion as filed. On March 7, 2005, Chaney filed an Election stating that she wanted to proceed on her motion to compel as filed. On March 10, 2005, however, Chaney filed a §2255 motion alleging ineffective assistance of counsel. On September 7, 2005, the Court entered an Order denying Chaney's §2255 motion.

Magistrate Judge Kaull filed a report and recommendation concerning Chaney's motion to compel on March 23, 2005. He recommended that Chaney's motion to compel be denied because her plea agreement did not promise a Rule 35 motion and she failed to establish unconstitutional motives on the part of the Government in failing to file a Rule 35 motion. On April 4, 2005, Chaney filed a timely objection to the magistrate judge's report and recommendation, stating that, prior to sentencing, the Government had entered into a verbal agreement with her, promising to file a

Rule 35 motion in her case, and then affirmed that agreement on the record at her sentencing hearing.

## II. ANALYSIS

The Court has reviewed the record before it and has conducted a <u>de novo</u> review of all matters before the magistrate judge in considering Chaney's motion. It appears to the Court that the magistrate judge's recommendation to deny Chaney's motion reflects the law applicable to the present facts.

Once a sentence is imposed, Rule 35 of the Federal Rules of Criminal Procedure applies and addresses downward departures from the sentencing guidelines and the mandated statutory minimum sentences. <u>United States v. Copeland</u>, 122 F.3d 1063 (4th Cir. 1997). Rule 35(b) generally provides that a sentence may be reduced on the Government's motion for substantial assistance made within one year after the imposition of the sentence. Fed. R. Crim. Pro. 35(b).

The Fourth Circuit Court of Appeals has stated that its decisions regarding U.S.S.G. §5K1.1 and 18 U.S.C. §3553(d) are relevant in analyzing a Rule 35(b) issue. Accordingly, the Government has the discretion to determine whether to make a motion for a reduction in a defendant's sentence for rendering substantial assistance. <u>United States v. Dixon</u>, 998 F.2d 228, 230 (4th Cir.

1993). However, the Government may not withhold such motion that it is obligated to make by the terms of the plea agreement. <u>United States v. Wallace</u>, 22 F.3d 84, 87 (4th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 910 (1994). Further, the Government may not withhold a motion for substantial assistance for an unconstitutional reason, such as race or religion, or for a reason "not rationally related to a legitimate Government end." <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992). The defendant has the burden of establishing that the Government's refusal to make a substantial assistance motion violates one of the two limitations on its discretion or breaches the plea agreement. <u>Id.</u>; <u>Dixon</u>, 998 F.2d at 230.

Chaney's plea agreement required her to be "completely forthright and truthful with federal officials in the Northern District of West Virginia with regard to all inquires made of her" and required her to "give signed, sworn statements and grand jury and trial testimony relative thereto." Her plea agreement further stated that the Government would advise the Court at the time of her sentencing of " Ms. Chaney's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate."

Chaney's plea agreement did not indicate that the Government was bound to move for a departure pursuant to Rule 35(b) of the

**ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE**

Federal Rules of Criminal Procedure. The Government, therefore, had no obligation under the plea agreement to file a Rule 35 motion and its failure to make such a motion has not breached Chaney's plea agreement. Moreover, the Court cannot compel the Government to file a motion that is completely within its discretion to file.

Further, Chaney has not alleged that the Government had unconstitutional motives for failing to make a substantial assistance motion. In her objection to the magistrate judge's report and recommendation, Chaney only contends that the Government made a verbal agreement with her prior to sentencing and stated that it would file a Rule 35 motion in her case on the record at her sentencing hearing. However, paragraph 13 of Chaney's plea agreement states, "The above twelve (12) paragraphs constitute the entire agreement between Ms. Chaney and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement." Chaney confirmed that statement during her change of plea hearing.

Because Chaney's plea agreement does not contain a promise by the Government to file a Rule 35 motion, her assertion that a verbal agreement existed between her and the Government fails by the express terms of the plea agreement. As a result, her guilty

**ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE**

plea did not rest on a promise or agreement by the Government to file a Rule 35 motion. Therefore, Chaney's motion has no basis in the terms of her plea agreement as required for the Court to compel the Government to file a Rule 35 motion.

Furthermore, at Chaney's sentencing hearing, Assistant United States Attorney Shawn Morgan, appearing on behalf of the Government, stated "... I'm aware that Mr. Parr represented to the court last week that the anticipated Rule 35 motion <u>may</u> come later as the result of <u>anticipated</u> Indictments and other trial testimony assistance that may be needed from Ms. Chaney..." March 10, 2004 Hearing Transcript at 15 (emphasis added). Chaney's counsel, Raymond Yackel, also stated, "Because her assistance is not complete at that time, Mr. Parr and I spoke on the telephone and he would anticipate her continued cooperation and that's why we discussed the Rule 35 motion..... we would anticipate when she completes all of her assistance in that matter, <u>when the Government says that she has done everything they wanted</u>, we would anticipate filing a Rule 35 motion on her behalf." <u>Id.</u> at 18 (emphasis added).

The statements of the attorneys for the Government and Chaney at her sentencing hearing clearly demonstrate the parties' agreement that the filing of any Rule 35 motion was left entirely within the discretion of the Government. The Government did not

**ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE**

represent that it would or intended to file a substantial assistance motion, but merely stated that its decision whether to file a Rule 35 motion depended on its evaluation of the anticipated continued cooperation by Chaney. The Court cannot create an obligation for the Government to file a Rule 35 motion where none exists.

### III. CONCLUSION

Therefore, the Court accepts Magistrate Judge Kaull's Report and Recommendation and imposes judgment consistent with it. Accordingly, Chaney's Motion to Compel is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to Chaney and to the United States Attorney for the Northern District of West Virginia.

Dated: November ___15___, 2005

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE